# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | CIVIL ACTION NO. 3:10-CV-2260 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| EMMANUEL A. FRANCOIS, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is the plaintiff's complaint, which insufficiently alleges the plaintiff's and defendant's diversity of citizenship. (Doc. No. 1.) Because the complaint inadequately pleads the existence of subject matter jurisdiction, the action will be dismissed unless the plaintiff amends the complaint so that this Court can exercise jurisdiction.

## Background

The plaintiff in this action is Westfield Insurance Company (Westfield). Westfield filed a complaint against Emmanuel A. Francois, seeking declaratory relief and damages. (Doc. No. 1.) Westfield invokes this Court's jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

The complaint describes the plaintiff in turn as an "Ohio Corporation that is authorized to sell insurance products in the Commonwealth of Pennsylvania, with corporate headquarters located [in Ohio]." The defendant is described as "an adult individual with a residence located" in New York.

## Analysis

"It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto." *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Federal courts have an obligation to address concerns over subject matter jurisdiction *sua sponte*. *Id.*

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*,

2

232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, the complaint fails to properly plead the existence of subject matter jurisdiction.  The diversity jurisdiction statute requires, as a threshold, that all parties be a citizen of a state (unless the party is a foreign state or subject of a foreign state). *See* 28 U.S.C. § 1332(c)(1). Here, the plaintiff has alleged that the defendant "resides" in New York. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). If the defendant is a citizen of New York, the complaint should say so.

Westfield, a corporation, also insufficiently alleges its own citizenship for two reasons. First, the complaint fails to allege the state where it has "its principal place of business;" second, the complaint fails to allege any state by which it has been incorporated. *See* 28 U.S.C. § 1332.

Westfield alleges that its corporate headquarters are located in Ohio. Its corporate headquarters are not necessarily the same as is its principal place of business, and for diversity purposes, its citizenship will be determined by the latter under § 1332. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) (concluding that the phrase "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities" which will "typically" be the

3

headquarters). To pass jurisdictional muster, the complaint must allege where the plaintiff has "its principal place of business." *See* 28 U.S.C. § 1332.

Also, for diversity jurisdiction to attach, Westfield must allege the state in which it is incorporated in accordance with § 1332. It is not enough to note that it is "an Ohio corporation"—if the plaintiff means to say that it is incorporated in Ohio, it should do so. *See Rush Presbyterian St. Luke's Med. Ctr. v. Safeco Ins. Co. of America*, 825 F.2d 1204, 1205 (7th Cir. 1987) ("To allege that a party is an 'X-state corporation' merely advances the pleader's conclusion and does not, without more, inform the court under which state's laws the party was incorporated.")

Although the plaintiff has failed to properly allege diversity jurisdiction, it may be able to do so if given the opportunity to amend its complaint. District courts must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 113 (3d Cir. 2000)). The plaintiff will be given time to amend and the Court urges it to allege (1) the citizenship of the defendant; (2) the state where it has been incorporated; and (3) the state where it has its principal place of business.

For guidance, the plaintiff is encouraged to review Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure. The templates in Form 7 provide examples of properly invoking diversity-of-citizenship jurisdiction. The form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in New York."

The plaintiff's failure to comply with these directions—so that diversity jurisdiction

4

may be exercised under § 1332—will result in the action being dismissed.

## Conclusion

As it currently stands, the complaint fails to show the existence of subject matter jurisdiction. The plaintiff is directed to file an amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of its complaint. An appropriate order follows.


November 3, 2010                                                /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>EMMANUEL A. FRANCOIS,<br><br>    Defendant. | NO. 3:10-CV-2260<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 3rd day of November, 2010, **IT IS HEREBY ORDERED:**

1) Within twenty-one (21) days of the date of this Order, the plaintiff may file an amended complaint.

2) The plaintiff's failure to file an amended complaint will result in the dismissal of this action.

                                                     /s/ A. Richard Caputo
                                                   A. Richard Caputo
                                                   United States District Judge