# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-2260 |
| v. | (JUDGE CAPUTO) |
| EMMANUEL A. FRANCOIS, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is the plaintiff's amended complaint, which insufficiently alleges the plaintiff's and defendant's diversity of citizenship. (Doc. No. 3.) Because the Court lacks subject matter jurisdiction, the action will be dismissed.

## Background

The plaintiff in this action is Westfield Insurance Company (Westfield). Westfield filed a complaint against Emmanuel A. Francois, seeking declaratory relief and damages. (Doc. No. 1.) Westfield invoked this Court's jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

The complaint described Westfield as an "Ohio Corporation that is authorized to sell insurance products in the Commonwealth of Pennsylvania, with corporate headquarters located [in Ohio]." The defendant was described as "an adult individual with a residence located" in New York.

These allegations were insufficient to show diversity jurisdiction, because Westfield failed to allege the state of its incorporation and the state it had its principal place of

business. Additionally, Westfield failed to allege the state of Mr. Francios's citizenship.

The Court instructed Westfield to file a new complaint properly alleging jurisdiction or face dismissal. (Doc. No. 2.) In its Order, the Court encouraged Westfield to review Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure for an example of properly pleading diversity jurisdiction. The form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in New York."

Westfield filed an amended complaint. (Doc. No. 3.) In the amended complaint, Westfield alleges that it is "a corporation incorporated under the laws of Ohio, with corporate headquarters located [in Ohio]" and maintains "a principal place of business" in Pennsylvania. As to Mr. Francois, the complaint alleges that he "is believed to be a foreign national, permanently domiciled in the state of New York."

**Analysis**

"It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto." *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Federal courts have an obligation to address concerns over subject matter jurisdiction *sua sponte*. *Id.*

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States

. . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978). The burden of proving jurisdiction is on the party invoking it.

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, the complaint fails to properly plead the existence of subject matter jurisdiction. Westfield improperly alleges both its citizenship and that of Mr. Francois.

While Westfield has alleged the state of its incorporation, it still fails to allege the state where it has "*its* principal place of business" (emphasis added). Naming the state where it maintains its corporate headquarters is not sufficient, because its corporate headquarters are not necessarily the same as is *its* principal place of business, and for diversity purposes, its citizenship will be determined by the latter under § 1332. *See Hertz Corp. v. Friend*, 130

3

S. Ct. 1181, 1186 (2010) (concluding that the phrase "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities" which will "typically" be the headquarters). To pass jurisdictional muster, the complaint must allege where the plaintiff has "*its* [singular] principal place of business." *See* 28 U.S.C. § 1332 (emphasis added).

Mr. Francois's citizenship is also not alleged. While for United States nationals, citizenship has the same meaning as domicile, this is not the case for foreign nationals. An alien admitted to the United States for permanent residence is deemed to be a citizen of the state in which he is domiciled. 28 U.S.C. § 1332(a). The "permanent residence" requirement refers to "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws." *Foy v. Schantx, Shatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349 (11th Cir. 1997) (citing 8 U.S.C. § 1101(a)(20)). To fall within the "permanent residence" provision of § 1332, it is not enough: that an alien has *applied* for permanent residence status, *see Chan v. Mui*, 1993 WL 427114, at *1 (S.D.N.Y. Oct. 20,, 1993); that an alien resides in a state and intends to remain indefinitely, *see Miller v. Thermarite Pty. LTD.*, 793 F. Supp. 306, 308-09 (S.D. Ala. 1992); or that an alien is admitted to reside in the United States on a temporary basis, *see Kristensen v. Dampierre*, 1990 WL 103957, at *2 (S.D.N.Y. July 19, 1990).

Here, Westfield fails to allege that Mr. Francois has been admitted to the United States for permanent residence. Thus, it fails to allege that Mr. Francois, whom is identified for the first time as a foreign national, is a "citizen of a state." The amended complaint also does not allege that Mr. Francois is a "citizen or subject of a foreign state." The Court simply

cannot determine whether it has subject matter jurisdiction based on the facts alleged in the amended complaint.

Although the plaintiff has failed to properly allege diversity jurisdiction, it may be able to do so if given the opportunity to amend. District courts must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 113 (3d Cir. 2000)). The plaintiff will be given time to amend and the Court urges it to allege (1) the citizenship of the defendant; and (2) the state where the plaintiff has its principal place of business.

The plaintiff's failure to comply with these directions—so that diversity jurisdiction may be exercised under § 1332—will result in the action being dismissed.

## Conclusion

As it currently stands, the amended complaint fails to show the existence of subject matter jurisdiction. The plaintiff is directed to file a second amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of the action. An appropriate order follows.

| | |
|---|---|
| November 5, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>EMMANUEL A. FRANCOIS,<br><br>    Defendant. | NO. 3:10-CV-2260<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this 5th day of November, 2010, **IT IS HEREBY ORDERED:**

1) Within twenty-one (21) days of the date of this Order, the plaintiff may file a second amended complaint.

2) The plaintiff's failure to file a second amended complaint will result in the dismissal of this action.

                                                            /s/ A. Richard Caputo
                                                            A. Richard Caputo
                                                             United States District Judge